IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM SCHNEIDER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:99CV0315 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| PAUL F. SEGER, KAREN M. SEGER, | ) | |
| DOUGLAS W. MATSCHULLAT, and | ) | |
| HELEN SUE MATSCHULLAT, | ) | |
| | ) | |
| Plaintiffs, | ) | 4:99CV3056 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| TIMOTHY M. GRAY and MARGARET S. GRAY, | ) | |
| | ) | |
| Plaintiffs, | ) | 4:99CV3154 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| LAZY HORSESHOE RANCH, | ) | |
| | ) | |
| Plaintiff, | ) | 4:99CV3153 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER ADOPTING PROPOSED FOURTH CASE MANAGEMENT PLAN – MAY 31, 2005

IT IS ORDERED that the Fourth Case Management Plan as proposed by the parties, below, shall govern these proceedings until further order of the Court; and,

IT IS FURTHER ORDERED that the parties need not request the Court's permission to extend the time from stated completion dates if the extensions would not significantly impact the schedule nor result in changes to completion dates involving submissions to the Court.

| No. | Action | Completion Date |
|---|---|---|
| 1 | The parties will inventory the Interstate Commerce Commission (ICC) Land Schedules and "Valuation Maps" ("Val Maps") that identify the source deeds and other instruments by which the railroads first acquired the rights-of-way that now make up the fifteen trails at issue in this case.  The parties will obtain those Land Schedules and Val Maps they still need.  The parties will also review the 700 source deeds and other instruments now in their possession and determine which source deeds and other instruments they still need to obtain from each Nebraska county.  The parties will also review and inventory the information now in their possession regarding current class members, such as current real estate records and maps.  The parties will jointly devise a methodology to facilitate the categorization of the class members' interests in the fifteen recreational trails at issue here. | Completed (Dec. 15, 2003) |
| 2 | The parties will engage one or more researchers in Nebraska to obtain copies of the 2800 source deeds and other instruments to complete the instrument research process. | Completed (Jan. 15, 2004) |
| 3 | The researchers in Nebraska will locate and copy the 2800 source deeds and other instruments that are needed to determine the class members with valid claims. | Completed (Jan. 15 – April 15, 2004) |

| No. | Action | Completion Date |
|---|---|---|
| 4 | The parties will place the source deeds and other instruments into sub-categories and will attempt to agree on whether particular source deeds and other instruments are fee simple or easement conveyances, or Federal land grants. | Mostly Completed (Nov. 1, 2003 – May 15, 2004) |
| 5 | The parties will jointly conduct and complete the additional research necessary to locate, identify, or obtain the proper deeds for those parcels of property which appear to be missing, wrongly classified, illegible, or otherwise not available for making determinations as to whether fee simple title or easements were conveyed.  (Referred to herein is "missing" deeds for ease of reference.)  Those parcels have been classified by the parties for research purposes as belonging in Categories 15 through 20, 23, and 25. | Sept. 15, 2004 (mostly completed) |
| 6 | As to the parcels described in Step 5, above, the parties will confer and report to each other their final determinations concerning the nature of interest each parcel conveyed.  For those parcels for which no deeds could be identified despite their research efforts, the parties will report to each other whether there are extrinsic factors which they believe are determinative of the nature of interest (fee versus easement) that were originally acquired by the railroad company.  (If any parcels remain over which the parties are unable to agree, the parties will submit the matter for the Court's consideration under Step 11, below.) | Sept. 30, 2004 (mostly completed) |
| 7 | The parties will jointly conduct and complete additional research for those parcels designated as "ordinances" (Category 21), "school lands" (Category 22), and "street crossings" (Category 24) to obtain as much historical information as is practicable in efforts to determine the nature of interest originally acquired and (as appropriate) to determine whether these interests have relevance to this class action. | Parties to commence process prior to Oct. 7, 2004; research to be completed by Nov. 15, 2004 |
| 8 | The parties will confer and finalize their working database with respect to designating all subject parcels into designated categories (currently 1-6 and 8-13, but which may be subject to change for utility purposes).  The database will consist of information contained in 15 spreadsheets which will be submitted to the Court (see Step 10, below), along with the parties' report on those parcels and respective categories upon which they agree and those upon which they do not. | Nov. 15, 2004 (mostly completed) |

| NO. | ACTION | COMPLETION DATE |
|---|---|---|
| 9 | The parties will confer regarding the land grant parcels (currently Categories 8-11) to determine whether they can agree to the nature of interest, if any, held by class members on such parcels. | Within 30 days from receipt of the final *Hash* decision, after the parties have exhausted their appellate rights* |
| 10 | The parties will report to the Court as to their respective positions on the some-3,500 parcels at issue in this case and will inform the Court as to those parcels upon which they agree and upon which they disagree, if any, as constituting fee simple or easement interests. | Within 15 days from Step 9 |
| 11 | If the parties are in disagreement over the nature of interest created on any parcel or category of parcels, the parties will submit a proposed briefing schedule to the Court for its approval. | Within 15 days from Step 10 |
| 12 | Upon resolution of the nature of interest acquired in the some-3,500 parcels at issue in this case either through the process identified under Step 10 by agreement, or through Step 11 by a Court order (after briefing as provided in Step 11) concerning any disputed parcels, **the parties will submit to the Court a Joint Report and proposed Fifth Case Management Plan**. The parties anticipate that this submission will address whether the parties will seek to pursue an appeal of the Court's August 29, 2003 Memorandum and Order at that time. The parties' report will also describe the impact the decision in *Caldwell v. United States*, 391 F.3d 1226 (Fed. Cir. 2004), will have on the definition of a class member, and if no party intends to seek interlocutory appeal of the Court's August 29, 2003 Memorandum and Order, then the proposal will include a schedule for redefining the class, and for notifying class members of the same prior to proceeding with the class member identification process or next step in the proceedings.<br><br>* **Notwithstanding the completion dates specified for Steps 9-11, the parties are reserving their rights to move forward with all issues unrelated to the land grant parcels involved in this case, depending on the length of the appellate process in *Hash*.** | 14 days after resolution of the nature of interest acquired for all subject parcels |

| No. | Action | Completion Date |
|---|---|---|
| 13 | **The parties will continue to submit status reports to the Court throughout the foregoing process every other month; the next report is to be submitted June 10, 2005.** | June 10, 2005, and every 4 months thereafter |

DATED this 8th day of June, 2005.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court