IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM SCHNEIDER, DAVID SCHWANINGER, and DEWANE SPILKER,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **8:99CV315**<br><br><br>**MEMORANDUM and ORDER** |

This matter is before the Court on the plaintiffs' motion for partial summary judgment on incentive awards, Filing No. 493. This is a takings action under the National Trails System Act, 16 U.S.C. §§ 1241–1251, commonly referred to as the "Rails-to-Trails Act." This Court has jurisdiction under the Little Tucker Act, 28 U.S.C. § 1346(a)(2). The plaintiffs seek a declaration that former representative plaintiffs William Schneider, David Schwaninger, and Dewane Spilker are each entitled to an incentive award—with the specific amount to be determined after the parties agree to settlement values for the applicable parcels—as compensation for their efforts and the benefits their efforts produced.

I.      BACKGROUND

This action was first certified as a class action, for the limited purpose of determining "whether the Rails-to-Trails Act, which is an act of Congress, constitutes taking of private land for public use, which necessarily involves questions of abandonment and whether interim trail use is considered a railroad purpose and/or use," expressly leaving title and damages issues to individual determination. Filing No. 75, Memorandum

and Order at 7, 10.  In 2003, the Court made a determination on the takings issue.  Filing No. 216, Memorandum and Order.  On the parties' joint motion, the Court later decertified the class action and allowed former class members to join this action individually.  Filing No. 426, Memorandum and Order.  There had been three representative plaintiffs in the former class action and there are more than 300 joinder plaintiffs in this action, although not all of those plaintiffs have valid claims.  *See* Filing No. 438, Third Amended Complaint, Ex. A.

The plaintiffs state that the parties expect to reach an agreement as to the settlement values of each of the parcels with valid claims.  They argue they have spent twenty years fighting this campaign and their efforts will pay off with significant benefits for the joinder plaintiffs.

The plaintiffs contend that the Government's only objection is to the incentive payment for representative plaintiff Schneider, whose own claim is invalid.  However, in response to the motion, the Government also argues that the Court lacks jurisdiction to make any such award.  It asserts that the plaintiffs cannot point to a substantive right to an incentive award and cannot identify an applicable waiver of sovereign immunity.  The Government argues that because the Little Tucker Act does not provide for such relief, the Court has no authority to award an incentive fee.  The Government also argues that to the extent that any of the individual Plaintiffs would otherwise be entitled to just compensation in an amount above $10,000, such claims have been waived.

The plaintiffs reply that the incentive awards are tantamount to costs and fees that are statutorily provided for regardless of whether the class is still certified or not.  They point to 42 U.S.C. § 4654(c) as statutory authority for their claim for incentive payments,

which they characterize as litigation expenses. They argue that the named plaintiffs should be entitled to make their case for an incentive award just as the they will be allowed to make their case to recover their costs and fees. They state that the "current motion seeks merely a ruling that they are entitled to something if they can convince the Court."

II.    LAW

The Court has jurisdiction over the plaintiffs' claims pursuant to the Little Tucker Act, 28 U.S.C. § 1346(a)(2). "The Takings Clause of the Fifth Amendment states that 'private property [shall not] be taken for public use, without just compensation.'" *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2167 (2019). The compensation must generally consist of the total value of the property when taken, plus interest from the time of the taking. *Id.* at 2170.

The Uniform Relocation Assistance and Real Property Acquisition Policies Act ("URA") states:

> (c) Claims against the United States. The court rendering a judgment for the plaintiff in a proceeding brought under section 1346(a)(2) or 1491 of title 28, United States Code, awarding compensation for the taking of property by a Federal agency, or the Attorney General effecting a settlement of any such proceeding, shall determine and award or allow to such plaintiff, as a part of such judgment or settlement, such sum as will in the opinion of the court or the Attorney General reimburse such plaintiff for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding.

42 U.S.C. § 4654(c); *see Preseault v. United States*, 52 Fed. Cl. 667, 670 (2002), *on remand from Preseault v. ICC*, 494 U.S. 1 (1990). Under fee-shifting statutes like the URA, the trial court may award attorneys' fees to a prevailing party and "is afforded considerable discretion" in making this award. *See Bywaters v. United States*, 670 F.3d 1221, 1228 (Fed. Cir. 2012); *see also Gregory v. United States*, 110 Fed. Cl. 400, 403

(2013). In the case of an inverse condemnation suit falling within the scope of § 4654(c), that provision furnishes the appropriate authority under which to request attorney's fees and other litigation costs. *See Houser v. United States*, 12 Cl. Ct. 454 (Ct. Cl. 1987).

"[T]he Supreme Court has consistently upheld the lodestar calculation as 'the guiding light of [its] fee-shifting jurisprudence.'" *Bywaters*, 670 F.3d at 1228-29 (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010)). In making a determination under § 4654(c) in an inverse condemnation case, the district court should consider the "amount involved and results obtained" as well as the administrative nature of the work and the fee agreement in determining the lodestar figure, rather than applying these factors after calculation of the lodestar figure. *Id.* Also, the district court is required to apply the hourly rate of the forum in determining the reasonable hourly rate for the relevant market. *Id.*

In a class action, the rationale for an incentive award to a class representative include compensating the class representative for his or her time and energy and the benefits they conveyed to the class, acknowledging the risk he or she took in pursuing the action, and offering an incentive to encourage people to step up and represent the class. *Tussey v. ABB, Inc.*, 850 F.3d 951, 962 (8th Cir. 2017); *see also Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) ("Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit"); *Shanahan v. Lee Law Offices*, No. 8:18-CV-129, 2019 WL 2603102 at *5 (D. Neb, June 25, 2019) ("It is within the Court's discretion to award incentive awards to plaintiffs who serve as class representatives, considering the actions plaintiff took to protect the class's interest, the degree to which the class has benefitted

from those actions, and the amount of time and effort plaintiff expended in pursuing the litigation").

III.   DISCUSSION

The Court first finds there is authority for an award of fees and litigation costs under the URA.  If the case had continued as a class action, any award of fees or an incentive payment as part of a settlement would have been subject to review by this court as fair and equitable.  The plaintiffs agreed to the decertification of this action without any reservation of the right to an incentive payment as class representatives in the former class action.  The representative plaintiffs consented to the conversion of the case to a joinder action.  Nevertheless, there is an argument that they may be entitled to fees for the time they acted as class representatives, subject to consideration of factors that determine whether such an award is warranted.

Under the URA, the plaintiffs may recover attorney fees and litigation costs, either as awarded in the Court's discretion or as part of a settlement.  Any such request for attorney fees would be considered under the usual factors, including the results obtained and reasonableness.  Although there may be some authority for the proposition that incentive payments are part of litigation costs, the Court would have to consider whether and how much the actions of the representative plaintiffs benefitted the class, and how much time and effort the plaintiffs expended in the litigation in making the determination. In any event, the decision would be discretionary.

The Court cannot state that whether or not it is inclined to award an incentive payment in its discretion, without knowing the relevant factors available to the Court in a typical class action, including the results obtained.  Generally, the Court awards payments

in amounts of $1000 to $5000 to representative plaintiffs in class action suits, in recognition of the fact that the class action judgment or settlement adequately compensates for actual damages.

It is premature at this point to make any such determination. The Court finds only that nothing precludes the plaintiff from moving for such an award, and the parties are free to negotiate for such a payment. Accordingly, the motion will be granted to the extent that plaintiff is not precluded from asking for an incentive payment. The Court will consider such a request at that time. The motion is premature in other respects.

IT IS ORDERED that the plaintiffs' motion for summary judgment on an incentive award (Filing No. 493) is granted in part and denied in part as set forth in this motion.


Dated this 1st day of April 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge